

FILED

AUG -7 2013

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
SHAUNA L. WELSH, ESQ.
Nevada Bar No. 11320
welshs@gtlaw.com
GREENBERG TAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, Corp., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BROOKS, an individual, and THE LUCKY PARADISE CASINO, an entity doing of unknown origin doing business in North Carolina,<br><br>Defendants. | Case No.: 2:13-cv-01219-APG-NJK<br><br>**ORDER FOR PRELIMINARY INJUNCTION** |

Pending before the court is plaintiff's motion for preliminary injunction. Plaintiff alleges six causes of action, injunctive relief and damages. The causes of action are: (1) cybersquatting under 15 U.S.C. § 1125(d) (2) trademark infringement under 15 U.S.C. § 1114; (3) unfair competition under 15 U.S.C. § 125(a); (4) common law trademark infringement; (5) deceptive trade practices under N.R.S. 598.0903, et seq.; and (6) intentional interference with prospective economic advantage.

A hearing on the motion for preliminary injunction was scheduled for August 7, 2013 at 9:00 a.m. The defendants were given notice of the hearing through communications with their attorney.

1  Defendants have failed to respond to the motion for preliminary injunction.

2  The court has considered the motion filed by plaintiff GNLV, Corp. ("plaintiff" or "GNLV"),
3  requesting a preliminary injunction requiring defendants Michael Brooks and The Lucky Paradise
4  Casino (collectively "defendants") to immediately cease and desist all use of the
5  <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>,
6  <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and
7  <www.goldennuggetonlinecasinos.net> domain names (the "infringing domain names") and
8  plaintiff's GOLDEN NUGGET mark and requiring the domain name registrar to lock the domain
9  names at issue and the supporting memorandum of points and authorities, the supporting
10 declarations and evidence, the record in this case, and for other good cause shown:

11 THE COURT FINDS AND CONCLUDES THAT:

12 This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§
13 1331 and 1338.

14 The court has personal jurisdiction over the defendants, and it appears the defendants
15 regularly conduct business in the State of Nevada and/or defendants committed tortious acts
16 that they knew or should have known would cause injury to plaintiff in the State of Nevada.

17  1. Plaintiff GNLV, Corp., a Nevada corporation with its principal place of business in
18 Las Vegas, Nevada operates the Golden Nugget resort hotel casino in Las Vegas, Nevada. GNLV
19 owns the mark GOLDEN NUGGET (the "GNLV marks") and has obtained federal registrations for
20 the GNLV marks for various goods and services, including but not limited to:

21  (a) GOLDEN NUGGET for casino and bar services (U.S. reg. no. 1,554,155);
22  (b) GOLDEN NUGGET for nightclub, bar, cabaret and casino services (U.S. reg.
23 no. 1,082,044);
24  (c) GOLDEN NUGGET for casino services (U.S. reg. no. 1,203,988); and
25  (d) GOLDEN NUGGET for hotel and resort hotel services (U.S. reg. no.
26 2,240,084).

27  2. Plaintiff has made extensive use of the GOLDEN NUGGET marks on, among other
28 things, signage, wearing apparel and sales and promotional materials.

3. Based on its federal trademark registrations and extensive use, GNLV owns the exclusive right to use the GOLDEN NUGGET marks in connection with resort hotel, casino and related services. The extensive advertising and promotion of the "Golden Nugget" resort hotel casinos have resulted in the GOLDEN NUGGET name and marks being distinctive for resort hotel casino services;

4. Defendants have used GNLV's marks on its signage and on advertising and promotional materials to market its casino;

5. Defendants have used GNLV's marks as part of the internet domain names <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> <www.goldennuggetonlinecasinos.net> without plaintiff's authority or permission.

6. A preliminary injunction may be issued if plaintiff establishes : (1) the plaintiff will probably prevail on the merits; (2) plaintiff will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)

7. "An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

8. A person shall be liable in a civil action by the owner of a mark if that person has a bad faith intent to profit from that mark, and registers, traffics in, or uses a domain name that is: (1) identical or confusingly similar to a mark that is distinctive at the time of the domain registration; or (2) identical or confusingly similar to or dilutive of a mark that is famous at the time of the use of the domain registration. 16 U.S.C. § 1126(d).

LV 420050351v2

9. After consideration of the motion and plaintiff's complaint, and accompanying exhibits, the court finds and concludes plaintiff is likely to succeed on the merits of its claims under the Lanhan Act that the <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and < www.goldennuggetonlinecasinos.net> domain names demonstrate a bad faith intent to profit from the GOLDEN NUGGET mark and that the <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and <www.goldennuggetonlinecasinos.net> domain names are confusingly similar to the plaintiff's mark, which was distinctive or famous at the time of the domain registration in May, 2013.

10. Plaintiff has demonstrated likelihood of success on the merits of its cybersquatting claims against Defendants under the Lanham Act, 15 U.S.C. § 1125(d).

11. Plaintiff has also demonstrated likelihood of success on the merits of its trademark infringement claims against defendants under the Lanham Act, 15 U.S.C. § 1114.

12. Plaintiff has also demonstrated likelihood of success on the merits of its unfair competition claims against defendants under the Lanham Act, 15 U.S.C. § 1125(a).

13. Plaintiff will suffer irreparable injury if the court does not require the domain name registrar GoDaddy.com (the "registrar") to lock the infringing <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and <www.goldennuggetonlinecasinos.net> infringing domain names pending litigation of this matter.

14. Plaintiff has demonstrated that it will suffer irreparable harm if a preliminary injunction is not entered because defendants could transfer the infringing domain names to another registrant or registrar. Transfer of the infringing domain names to another registrant may deprive the court of jurisdiction and require plaintiff to file additional suits to recover its intellectual property. Transfer of the infringing domain names to another registrar may require plaintiff to expend significant effort and financial resources to track the registration.

LV 420050351v2

15. The balance of hardships tips in favor of plaintiff because issuance of the injunction would merely lock the domain name pending trial, and failure to issue the injunction would cause plaintiff to suffer irreparable injury to their name and marks and the associated goodwill if defendants are not enjoined from registering, maintaining the registration on or using domain names containing plaintiff's marks or marks confusingly similar thereto.

16. There is no likelihood of harm to the public from the preliminary injunction now being granted.

IT IS THEREFORE ORDER, ADJUDGED AND DECREED that: the application for preliminary injunction is hereby GRANTED.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and <www.goldennuggetonlinecasinos.net> shall be immediately locked and/or remain locked by the registrar and/or its successor registrars pending the resolution of this action.

IT IS FURTHER ORDERED that defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, are prohibited from (1) using plaintiff GNLV's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on websites and in domain names); and (2) registering, owning, leasing, selling or trafficking in any domain names containing plaintiff GNLV's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs; and that defendants are prohibited from transferring the domain names <www.goldennuggetonlinecasinos.us> <www.goldennuggetonlinecasinos.org>, <www.goldennuggetonlinecasinos.info> <www.goldennuggetonlinecasinos.com> and <www.goldennuggetonlinecasinos.net> during the pendency of this action or until further order of the court.

IT IS FURTHER ORDERED that the registrar and/or its success registrar remove all

LV 420050351v2

exhibiting Domain Name Servers (DNS) entries and corresponding addresses, and enter the registrar's default DNS and address entries to prevent further damage caused by the infringing use of the infringing domain names.

IT IS FURTHER ORDERED that defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this court and serve upon plaintiff within thirty (30) days after entry of this order, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with this court's order.

IT IS FURTHER ORDERED that the bond posted with this court in the amount of one thousand and no/100 dollars ($1000.00) shall be applied to this preliminary injunction.

The Court permits service of the preliminary injunction by electronic mail in addition to effectuating service as required by Fed.R.Civ. P. 4 and 5.

_____
UNITED STATES DISTRICT JUDGE

Date/Time:   August 7, 2013

Respectfully submitted by:

GREENBERG TRAURIG, LLP
/s/ Laraine M.I. Burrell
_____
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
Shauna L. Welsh (Bar No. 11320)
3773 Howard Hughes Parkway, Suite 4North
Las Vegas, Nevada 89169
*Counsel for Plaintiff*